IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| RODOLFO JAVIER FALCON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-138-RWS-JBB |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Petitioner Rodolfo Javier Falcon, a federal prisoner proceeding *pro se,* filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 1. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

On February 13, 2025, the Magistrate Judge issued a Report and Recommendation recommending the motion be denied. Docket No. 20 at 10. The Magistrate Judge concluded that Petitioner's claims for § 2255 relief are without merit. *Id.* at 8–10.

Petitioner filed objections to the Report and Recommendation. Docket No. 21. Petitioner asserts the Court should conduct an evidentiary hearing to determine whether defense counsel's objection to the two-level firearm enhancement was "well presented" as the Court stated at the sentencing hearing. *Id.* at 1. Under § 2255(b), an evidentiary hearing must be held "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In this instance, the record shows that Petitioner is not entitled to relief on his claim that defense counsel provided ineffective assistance by failing to challenge the firearm enhancement. Defense counsel filed objections to the enhancement, cross-examined and challenged the credibility of the government witness who testified about Petitioner's possession of firearms, and

argued against the imposition of the enhancement at the sentencing hearing. *See* Docket No. 20 at 7–8. Because the record conclusively shows that defense counsel challenged the enhancement, an evidentiary hearing is not warranted.

Petitioner argues that defense counsel provided ineffective assistance by failing to advise him to withdraw his guilty plea after reviewing the revised Presentence Report. Docket No. 20 at 1–2. As the Magistrate Judge noted, Petitioner did not have an absolute right to withdraw his guilty plea, and a motion to withdraw his guilty plea would not have been meritorious because Petitioner did not demonstrate a fair and just reason to withdraw his guilty plea. Docket No. 21 at 9. Therefore, Petitioner was not prejudiced by counsel's failure to advise him to withdraw the guilty plea. Petitioner claims, for the first time in his objections, that defense counsel did not review the revised Presentence Report with him, but defense counsel's alleged failure to review the revised Presentence Report with Petitioner and advise him to withdraw his guilty plea in light of the additional enhancements did not affect the outcome of the case. *See* Docket No. 21 at 2.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit.

Furthermore, Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under

prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 21) are **OVERRULED**. It is further

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above captioned matter is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that a certificate of appealability is denied *sua sponte*.

**So ORDERED and SIGNED this 26th day of March, 2025.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE